**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

IN RE:   SKEFCO PROPERTIES, INC.                CASE NO. 19-26580-JDL

**RENASANT BANK'S MOTION TO DISMISS AND FOR OTHER RELIEF**

COMES NOW Renasant Bank, ("Renasant" or "Bank"), and files this Motion to Dismiss the Chapter 11 proceeding filed by the debtor, Skefco Properties, Inc. ("Skefco" or "Debtor"),[1] and in support thereof would show as follows, to-wit:

1.  This court has jurisdiction over the subject matter herein and the parties hereto and the subject matter herein pursuant to 28 U.S.C. §§ 1334, 11 U.S.C. §§ 105 and 1112, along with other related statutes and rules.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (B).

## I. RENASANT'S INDEBTEDNESS

2.  The Debtor is presently indebted to the Bank for sums advanced pursuant to certain promissory notes identified below, which have been given in renewal, extension, modification or replacement of earlier notes and are secured by certain real properties as follows:

- Promissory Note dated June 22, 2012, evidencing loan #5008101478-1, in the amount of $209,294.81, which Note is directly secured by the lien of certain deeds of Trust of record in the Shelby County Register's Office, more particularly described as follows:

---

[1] Skefco filed its first of two (2) Chapter 11 petitions for relief in as many years on September 19, 2017, which was dismissed by order of this Court dated May 10, 2019 [Dkt. #137]. Along with the Debtor's original petition dismissed, related debtor, Consolidated Poultry and Egg Co. ("Consolidated") filed its Chapter 11 petition for relief on June 18, 2017, and, moreover, James Skefos filed his individual Chapter 11 petition for relief on September 18, 2017. All three (3) of these cases were dismissed pursuant to various orders of this Court, the most recent of which was entered on May 10, 2019 allowing Skefco's and Skefos' dismissal of their first Chapter 11 petitions without prejudice and no moratorium from refiling. As such, the Debtor now seeks this Court's protection again in less than four (4) months.

570827

- o  Secured by Instrument No. 04021737 or Deed of Trust re-recorded at 04045578 modified at 09050348 and 12096173, 06167504 (assignment of rents 06167505) 08042021 modified at 09050349 given by Skefco Properties, granting a lien in favor of the Bank, on certain property located in Memphis, Shelby County, Tennessee, whose physical address is purported to be at 14-16 South Second Street.

- Multipurpose Note and Security Agreement dated May 29, 2007, evidencing loan #5100000803-3, in the face amount of $76,000, which Note is directly secured by the lien of certain deed of trust of record in the Shelby County Register's Office, more particularly described as follows:

  - o  Secured by Instrument No. 07087830 (assignment of rents 07087831) modified at 11004182 or Deed of Trust given by Skefco, granting a lien in favor of the Bank, on certain property located in Memphis, Shelby County, Tennessee, whose physical address is purported to be at 3610 Democrat.

Furthermore, James Skefos ("Skefos"), the Debtor's President, is also indebted to Renasant for sums advanced pursuant to certain promissory notes which have been given in renewal, extension, modification or replacement of earlier notes and are secured by certain real properties as follows:

- Promissory Note dated June 22, 2012 evidencing loan #5100000590-1, in the face amount of $109,167.95, which Note is directly secured by the lien of certain Deed(s) of Trust of record in the Shelby County Register's Office, the most recent of which is more particularly described as follows:

  - o  Secured by Instrument No. 06165813 (assignment of rents 06165814) modified at 12128220 or Deed of Trust given by Skefos, granting a lien in favor of the Bank, on certain property located in Memphis, Shelby County, Tennessee, whose physical address is purported to be at 1328/1334 Overton Park.

- Multipurpose Note and Security Agreement dated December 8, 2006, evidencing loan #5100000590-3, in the face amount of $119,458.69, which Note is directly secured by the lien of certain Deed(s) of Trust of record in the Shelby County Register's Office, the most recent of which is more particularly described as follows:

570827

- o Secured by Instrument No. 06205167 or Deed of Trust given by Skefos, granting a lien in favor of the Bank, on certain properties located in Memphis, Shelby County, Tennessee, whose physical addresses are purported to be at 2955 Tudor, 1712 Corning, 1700 Warner and 1964 Clifton.

A related entity, Consolidated Poultry and Egg Co., Inc. ("Consolidated") is presently indebted to Renasant for sums advanced pursuant to the notes identified below, which have been given in renewal, extension, modification or replacement of earlier notes and are secured by certain real properties as follows:

- Promissory Note dated March 24, 2014, evidencing loan #5008100325-1, in the face amount of $300,000.00, which Note is directly secured by the lien of certain deed of trust of record in the Shelby County Register's Office, more particularly described as follows:

  - o Secured by Instrument No. 13014031 or Deed of Trust given by Consolidated, granting a lien in favor of the Bank on certain properties located in Memphis, Shelby County, Tennessee, whose physical addresses are purported to be at 2940 Lotus Road, 471 Marianna St., 1154 Parkland and 3302 Macon Road.

- Replacement Promissory Note dated October 5, 2012, evidencing loan #5100003255-1, in the face amount of $600,000.00, which Note is directly secured by the lien of certain deed of trust of record in the Shelby County Register's Office, more particularly described as follows:

  - o Secured by Instrument Nos. 03702110 modified at 10133001, 1013303, and 10133002 or Deed of Trust given by Consolidated, granting in favor of the Bank a lien on certain properties located in Memphis, Shelby County, Tennessee, whose physical addresses are purported to be at 1173 Vance, 3668 Poplar Ave., 3584 Highway 78, 426 St. Paul, 3384 Thomas, and 1822 Manilla.

3.   For ready reference, a schedule of properties comprising Renasant's collateral indebtedness due same and attendant tax obligations that prime and prejudice Renasant's consensual liens are reflected by the schedule below:

570827

| Note # | Debtor | Collateral | Owner | Tax Parcel | Total Tax | Payoff as of 8/20/2019 |
|---|---|---|---|---|---|---|
| End in 0325-1 | Consolidated | 2940 Lotus Rd | Consolidated | 075002 00049 | $ 2,155.96 | $ 6,936.79 |
| 3255 |  | 1822 Manila | Skefos | 031066 00033 | $ 5,740.55 |  |
|  |  | 3574-3586 Lamar | Skefos | 073017 00217 | $ 41,621.58 |  |
|  |  | 3384 Thomas | Skefos | 069036 00005 | $ 22,838.14 |  |
|  |  | 426 St Paul | Consolidated | 011003 00008c | $ 14,922.10 |  |
| 3255 - all |  |  |  |  |  | $459,661.66 |
| 1478-1 | Skefco | 14/16 S Second (ins. Suit) | Skefco | 002059 00015 | $ 6,014.90 | $176,089.09 |
| 0803-3 | Skefco | 3610 Democrat | Skefco | 073017 00220 | $ 5,296.43 | $ 13,262.23 |
| 0590-1 | Skefos | 1328/1334 Overton Park | Skefos | 020018 00010 | $ 12,911.70 | $ 16,433.40 |
| 0590-3 | Skefos |  |  |  |  | $ 979.29 |
|  |  |  |  | Totals | $111,501.36 | $673,362.46 |

All of the notes, deeds of trust and real properties referenced above are hereinafter collectively referred to separately as "Notes," "Deeds of Trust" and "Real Property Collateral," respectively. All of the Notes, Deeds of Trust, Forbearance Agreement dated February 26, 2016 and personal guaranties of James Skefos, guarantor or obligor of all indebtedness due Renasant under the Notes and Deeds of Trust, as well as the guaranty of the Debtor to the Consolidated indebtedness owed the Bank are hereinafter collectively referred to as "Loan Documents" and attached hereto as Collective Exhibit "1." The obligations of Consolidated, Skefos and the Debtor owed to the Bank are cross-collateralized and, as such, all of the real properties described by the Deeds of Trust, or Real Property Collateral, serve as security for all of the indebtedness due under the referenced Notes.

570827

## II.  SKEFCO'S FIRST FAILED CHAPTER 11 PETITION

4. To avoid an imminent foreclosure set by Renasant for August 20, 2019 ("Petition Date"), the Debtor filed its second voluntary Chapter 11 petition for relief filed in as many years on the same date.[2]  Since the dismissal of its first Chapter 11 petition (In Re: Skefco Properties, Inc.; Case No. 17-28262) approximately three (3) months ago, the indebtedness due the Bank has continued to grow and the Real Property Collateral has been placed in further peril due to Skefos' and/or the Debtor's failure to pay certain ad valorem taxes further encumbering them and by allowing insurance covering certain properties to lapse without renewal as set forth in RENASANT BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF SAME FROM DEBTOR'S ESTATE AND FOR OTHER RELIEF filed contemporaneously herewith.  As of the Petition Date, the Debtor, Consolidated and Skefos owed Renasant, jointly and severally, $673,362.46.

5. As referenced, this Debtor is no stranger to this Court.  When faced with a prior foreclosure of Renasant, Consolidated Poultry & Egg Co., Inc. ("Consolidated"), a company related to the present Debtor, previously filed a Chapter 11 bankruptcy petition on June 18, 2017 and, thereafter, took the novel position that the protection afforded Consolidated by the automatic stay also extended to the Debtor and James Skefos, individually.  Since no statutory authority exists for the extension of the automatic stay to related non-debtor entities absent extraordinary circumstances, the Court granted Renasant's previous MOTION FOR PRECAUTIONARY RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF SECTION 362(A) OF THE UNITED STATES BANKRUPTCY CODE AND FOR OTHER RELIEF [Case #17-25324, Dkt. #13].

---

[2] However, the Debtor's August 20, 2019 petition for relief executed by Skefos as the Debtor's President under penalty of perjury reflects in Section 10 that the Debtor has <u>not</u> filed any cases within eight (8) years of the Petition Date.  This inaccuracy is consistent with the Debtor's prior course of conduct before this Court as set forth herein.

570827

Shortly thereafter, the Debtor and Skefos filed their separate Chapter 11 petitions for relief before this Court to further stay Renasant's collection efforts.

6. Thereafter, the Debtor and Skefos began a two (2) year pattern of failing to meet their statutory duties owed to this Court as a debtor-in-possession. Initially, Skefos failed to fully disclose his interests in many related entities which require accurate disclosure to the U.S. Trustee at least seven (7) days before a debtor's 341(a) first meeting of creditors pursuant to Rule 2015 of the Federal Rules of Bankruptcy Procedure ("R2015"). Both prior to and following Skefos' and the Debtor's first meetings of creditors, the Debtor continued to be non-compliant in that regard. The failure to sufficiently disclose Skefos' interests in other entities, along with other significant deficiencies, was, in part, the basis of two (2) Motions to Dismiss and one amended version thereof, filed by the United States Trustee ("U.S. Trustee") in Skefos' companion Chapter 11 proceeding. On the morning of the hearing regarding the U.S. Trustee's Amended Motion to Dismiss, a copy of which is attached hereto and incorporated herein by reference as Exhibit "2" ("UST's Amended Motion to Dismiss"), the Debtor and Skefos escaped certain dismissal by this Court by entering into an Agreed Order Resolving the UST's Amended Motion to Dismiss ("Agreed Order") which simply allowed the Debtor's and Skefos' cases to be dismissed without prejudice to refile. Even at dismissal, the Debtor and Skefos had yet to fully comply with their clear statutory duties to disclose their interests in non-debtor entities as contemplated by R2015.

7. So profound were Skefos' and the Debtor's deficiencies in their prior cases that dismissals without any moratoriums from refiling were best case scenarios for both debtors. Beyond Skefos' failure to disclose his interests in related companies, the UST's Amended Motion to Dismiss asserts that Skefos, who wholly owns and controls the Debtor, failed to file

570827

accurate Monthly Operating Reports even after deficiencies were identified by the UST and, moreover, failed to disclose and discontinue Skefos' use of a personal checking account without court authority for personal transactions. Even after the U.S. Trustee reprimanded Skefos on July 24, 2018 to report transactions under the account via monthly operating reports, he continued to conduct business using his personal account for an additional seven (7) months. Ultimately, the U.S. Trustee filed its Amended Motion to Dismiss again calling attention to the unauthorized use of a personal account, along with that of disbursing funds post-petition from a probate estate without court approval and failure to disclose significant information regarding a decedent's probated estate in his Statement of Financial Affairs.

8. Although, the UST's Amended Motion to Dismiss was likely lethal in its own right, it gained strength when the City of Memphis ("City") and Shelby County, Tennessee ("County") filed a separate motion to dismiss Skefos' companion Chapter 11 case citing Skefos' <u>failure to pay any ad valorem taxes owed by him and/or the Debtor throughout the two (2) years that their previous cases were pending before this Court</u>. At the time their cases were dismissed, the Debtor and/or Skefos owed $181,378.23 in 2018 ad valorem taxes collectively owed the City and County. Moreover, 2019 ad valorem taxes for the City of Memphis were due on July 1, 2019 and are delinquent in a few days, or August 31, 2019. County taxes for 2019 will be due in approximately one month, or October 1, 2019, and delinquent on March 1, 2020. Logic holds that the Debtor's and Skefos' 2019 tax obligations owed the City and County on over 80 parcels are at least the same as 2018 and likely more. Thus, the Debtor begins this most recent bankruptcy estate again saddled with significant tax obligations.

570827

### III. 11 U.S.C. § 1112 GROUNDS FOR DISMISSAL MET

9. Section 1112(b), subparagraphs (A) through (P), et seq., of Title 11 of the United States Code, generally and specifically provide that a petition may be dismissed "for cause" which includes, inter alia, the following:

**(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;**

Skefos' and/or the Debtor's failure to timely pay over $102,703.38 in 2018 City ad valorem taxes, as well as $78,674.85 of similar taxed owed the County for a pre-penalty total of $181,378.23, is, at a minimum, diminution of estate assets. That erosion is further exacerbated by the fact that 2019 City taxes are now due and accruing interest. Since these ad valorem taxes "prime" consensual liens and encumber estate properties not otherwise subject to liens, they further erode Renasant's collateral position.

**(B) gross mismanagement of the estate;**

Since the Debtor's and Skefos' monthly operating reports were so deficient in their previous cases recently dismissed, it is not entirely clear how mismanaged their estate may have been. Moreover, since the R2015 reports were not only late, but also deficient when filed, the full breadth of the Debtor's and Skefos' estates may not have ever been properly framed before this Court. At a minimum, one can only presume that the Debtor's previous failure to comply with this Court's and Title 11's reporting requirements are badges of mismanagement that are "for cause" grounds for dismissal. Upon information and belief, the Debtor's management personnel has not changed since dismissal of its previous Chapter 11 petition on May 10, 2019 and continues to be largely controlled and orchestrated by Skefos. Thus, it's logical to assume that the Debtor's prospective management of estate assets will mirror that of the first failed petition.

570827

**(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;**

Like the Debtor's and/or Skefos' failure to pay ad valorem taxes that continue to encumber estate assets with interest and penalties, the Debtor's pre-petition failures to maintain insurance covering at least the Real Property Collateral is clear. As set forth in detail in RENASANT BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE AND FOR OTHER RELIEF filed contemporaneously herewith, insurance previously covering five (5) of eight (8) real properties comprising the Real Property Collateral, have lapsed or otherwise terminated. Particularly, insurance previously protecting properties located at Manila, Thomas, St. Paul, Lamar and South Second has now lapsed.

**(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;**
**(E) failure to comply with an order of the court;**

In the Debtor's previous Chapter 11, Renasant filed a Motion to Prohibit ("Cash Collateral Motion") [Case #17-28262; Dkt. #21] seeking to restrict the Debtor's use of the Bank's cash collateral. Ultimately, an agreed order was entered resolving the Cash Collateral Motion, requiring the Debtor and/or Skefos to pay Renasant monthly interests payments net of a direct deposit, make bi-monthly reports to the Bank regarding the use of Renasant's cash collateral and pay delinquent ad valorem taxes encumbering the Real Property Collateral ("CC Agreed Order") [Case #17-28262; Dkt. #67]. Thereafter, the Debtor and/or Skefos matched their other post-petition performance by filing but two (2) bi-monthly reports and made one tax payment toward a multitude of unpaid taxes. Beyond the Debtor's and/or Skefos' general failure to fulfill their obligations owed to their creditors and parties-in-interest, the Debtor and/or Skefos failed to comply with the CC Agreed Order, an order of this Court, is yet another ground for

570827

dismissal pursuant to 11 U.S.C. § 1112.  Consistent with its previous cash collateral performance, Renasant received no rentals from "Raifords," an enterprise leasing the Second Street property previously referenced, in response to the Bank's election to exercise its rights to rents as set forth in its June 28, 2019 letter to Skefos, the Debtor's registered agent.  A copy of that letter is attached hereto and incorporated herein by reference as Exhibit "3."

> **(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;…**
> **(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);**

The Debtor's and/or Skefos' failure to timely and accurately file R2015 reports, as well as Monthly Operating Reports without gross mathematical errors as more specifically described in the UST's Amended Motion to Dismiss, attached hereto as Exhibit "2," similarly meet the "for cause" standard codified by 11 U.S.C. § 1112.

> **(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;**

Like the Debtor's and/or Skefos' other post-petition deficiencies, the failure to pay pre- and post-petition taxes owed to certain taxing authorities as set forth herein is reason alone why the most recent petition filed by the Debtor to stay the Bank's foreclosure efforts should be dismissed.

> **(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;…**
> **(M) inability to effectuate substantial consummation of a confirmed plan;**

The Debtor and Skefos both filed Disclosure Statements ("DS") and Chapter 11 Plans of Reorganization ("Plan") during their first failed bankruptcy proceeding outside the applicable exclusivity periods.  The DS was never approved and the Debtor's and Skefos' first Chapter 11

570827

petitions were dismissed without resolution to the Bank's objection to both Disclosure Statements. At that time, a fundamental obstacle preventing approval of any DS and Plan confirmation was the difficulty of quantifying Renasant's claim against the Debtor's and Skefos' estates given Skefos' claim against the Bank in an unresolved state court matter. If found to have any legal merit, any judgment against the Bank could effectively offset some of the indebtedness the Debtor and/or Skefos owes Renasant. This Court, at that time, was not inclined to proceed toward confirmations of the Debtor's Plan unless and until the state court matter was either settled or tried to conclusion. Neither of those events have occurred, thus the same impenetrable roadblock exists to approval of a DS and Plan confirmation.

10. Any one of the sixteen (16) basis for dismissing a Chapter 11 petition "for cause" pursuant to 11 U.S.C. § 1112 are sufficient grounds to end the present case filed in desperation to once again stop Renasant's foreclosure. Entry of the Agreed Order resolving the UST's Amended Motion to Dismiss the Debtor's and Skefos' prior Chapter 11 proceedings simply allowed Skefos and the Debtor to live to fight another day since it was unfortunately without a moratorium from refiling another petition for any period of time. Nothing has changed since the recent dismissals other than 2019 City taxes are now due and, as such, the Court is now afforded the opportunity to do what it likely would have done but for entry of the referenced Agreed Order,…dismiss the present petition <u>with prejudice</u> with a one hundred eighty (180) day bar or moratorium from refiling another bankruptcy petition for relief other than a liquidation under Chapter 7 liquidation. More than half (1/2) of the "for cause" grounds codified by 11 U.S.C. § 1112 have been met for the reasons set forth herein and there has been no material changes in the Debtor since its prior dismissal. Otherwise, the Debtor and/or Skefos are afforded another opportunity to abuse the statutory scheme promulgated by Title 11 of the United States Code that

570827

affords the relief to the earnest and sincere debtor. The abuse of this Court's resources and time is no less impacted.

11. For other good and sufficient reasons to be assigned at a hearing regarding this matter. Renasant specifically reserves the right to amend this response and objection up to and during any hearing regarding this Motion.

WHEREFORE, Renasant respectfully requests the entry of an order dismissing the Debtor's present Chapter 11 petition with prejudice with no less than a one hundred eighty (180) day moratorium from refiling any other petition for relief before this Court other than a Chapter 7 liquidation or any other Court of competent jurisdiction. Renasant prays for such other general and specific relief as this Court may deem just.

THIS, the 29th day of August, 2019.

Respectfully submitted,

RENASANT BANK

/s/ D. Andrew Phillips
JAMES P. WILSON, JR. (TNB #018959)
D. ANDREW PHILLIPS (MSB #8509)
ROSAMOND H. POSEY (MSB #101247)

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.

P.O. Box 1366
Columbus, MS   39703
(662) 328-2316
jwilson@mitchellmcnutt.com

P.O. Box 947
Oxford, MS  38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com
rposey@mitchellmcnutt.com

570827

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2019, a copy of the foregoing Motion was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

John Edward Dunlap, Esquire
3340 Poplar Avenue, Suite 320
Memphis, TN  38111
JDunlap00@gmail.com

U.S. Trustee
USTPRegion08.ME.ECF@usdoj.gov

Sean M. Haynes
U.S. Trustee
Sean.M.Haynes@usdoj.gov


DATED, this the 29th day of August, 2019.


/s/ D. Andrew Phillips

570827